UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRUIST BANK,

    Plaintiff,

vs.                                                Case No. 3:25-cv-716-MMH-LLL

MILTON CONSTRUCTORS
LLC, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action by filing an Interpleader Complaint (Doc. 1; Complaint) on June 26, 2025. In the Complaint, Plaintiff alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. See Complaint ¶ 6. Under Section 1335, the Court shall have jurisdiction over a statutory interpleader action if: (1) the money or property in the plaintiff's possession is valued at $500 or more; (2) two or more adverse claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) the plaintiff deposits the money or property in controversy into the registry of the Court, or gives a bond payable to the Clerk in the amount of such money or property. See 28 U.S.C. § 1335; see also John Alden Life Ins. Co. v. Vanlandingham, No.

5:04-cv-538-OC-10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006). Upon review, the Court is unable to determine whether it has subject matter jurisdiction over this action.

Here, in the Complaint, Plaintiff alleges that Defendant Milton Constructors, LLC (Milton) is "a Florida limited liability company" and a "citizen of the State of Florida[.]" See Complaint ¶ 1. However, an unincorporated entity is not a "citizen" in its own right. See Xaros v. U.S. Fid. & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members [or partners] is determinative of the existence of diversity of citizenship." Id. Therefore, to sufficiently allege the citizenship of Milton, Plaintiff must identify each of its members and their respective citizenship. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Additionally, according to the allegations in the Complaint, the amount in controversy is $264,682.22, the value of the funds in dispute. See Complaint ¶ 12 (the "Funds"). That said, a review of the Court's Docket reveals that the third requirement, that of depositing the Funds in the Court registry, or the posting of a bond with the Clerk of the Court, has not yet been met. Until this requirement is satisfied, the Court lacks subject matter jurisdiction over this statutory interpleader action. See John Alden Life Ins. Co., 2006 WL 1529047, at *3 (citing Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1159 (5th Cir. 1976)).

Accordingly, it is

**ORDERED:**

1. Plaintiff shall **DEPOSIT** the proceeds, and any accrued interest, from the Funds, see Complaint ¶ 12, into the registry of the Court, in an interest-bearing account, or alternatively post a bond in an equivalent amount, on or before **August 15, 2025**, and file a Notice with the Court advising that it has done so. If Plaintiff fails to deposit the Funds (or submit to the Court a bond payable to the Clerk in the required amount), then the case will be dismissed without prejudice for lack of subject matter jurisdiction.

2. On or before **August 15, 2025**, Plaintiff shall also provide the Court with sufficient information to determine the citizenship of Milton Constructors, LLC.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of July, 2025.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
Counsel of Record
Finance